## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HORATIO OMAR ROBERSON,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:14-cv-2384** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **CITY OF YORK and** | : | |
| **MICHAEL LEE EBERSOLE,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court is Defendants City of York and Michael Lee Ebersole's motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 17.)  For the reasons that follow, the Court will grant the motion.

## I.    BACKGROUND

The case arises from an altercation that occurred outside a residence on October 16, 2010. (Doc. Nos. 12 ¶ 11; 12-2 at 4.)  Plaintiff Horatio Omar Roberson alleges that the altercation began when two neighbors and their friend directed threats and racial slurs at Plaintiff's girlfriend outside her residence.  (See Doc. No. 12 ¶¶ 9, 11-12.)  Plaintiff allegedly intervened to protect his girlfriend.  (Id. ¶ 14.)  Thereafter, one neighbor was purportedly struck on the left arm, (Doc. Nos. 12 ¶ 21; 12-2 at 4), Plaintiff sustained bruises, the girlfriend's residence was damaged, and the neighbors' friend threatened Plaintiff with a handgun (Doc. No. 12 ¶ 13-14).

On or around October 18, 2010, Plaintiff and his girlfriend filed private criminal complaints against the two neighbors and their friend (Id. ¶ 16), who similarly filed private criminal complaints of harassment against them.  (Doc. No. 12 ¶ 19.)  On November 10, 2010, Defendant Officer Michael Lee Ebersole of the York City Police Department filed a criminal complaint against Plaintiff alleging two counts of simple assault, one count of terroristic threats,

and three counts of harassment.  (Doc. Nos. 12 ¶ 26; 12-2 at 1-4; 12-3 at 1.)  Defendant Ebersole

did not bring charges against the two neighbors or the friend.  (Doc. No. 12 ¶ 25.)  According to

Defendant Ebersole's affidavit of probable cause, the October 16, 2010 altercation transpired as

follows:

> At some point [neighbor], states that [Plaintiff's girlfriend] entered her home …
> and came back to front door with a machette [sic], and handed weapon off to
> [Plaintiff], who now while screaming at the [two neighbors], [Plaintiff] began
> swinging machette [sic] towards them while they were on their own porch …
> missing [one neighbor], but did make contact with machette [sic] on [the other
> neighbor's] forearm causing injury. [Plaintiff] then went after [neighbors' friend]
> and chased him towards the park, where [Plaintiff] finally caught [him], and did
> swing machette [sic] at [him], and did stike [sic] [his] hand causing injury.

(Doc. No. 12-2 at 4.)  The charges against Plaintiff were nolle prossed on December 13, 2012.

(See Doc. Nos. 12 ¶ 41; 12-5 at 4.)

On December 15, 2014, Plaintiff commenced this Section 1983 action against Defendant

Ebersole and Defendant City of York (Doc. No. 1), and amended the complaint on April 9, 2015

(Doc. No. 12).  Citing the First, Fourth, Fifth, and Fourteenth Amendments, Plaintiff contends

that Defendants maliciously prosecuted Plaintiff and denied Plaintiff "equal protection and due

process."  (Doc. No. 12 ¶¶ 1-2.)  Specifically, Plaintiff brings claims for "failure to train" and

"deliberate indifference in policy and customs" against Defendant City of York and a malicious

prosecution action against Defendant Ebersole.  (Id.)  Defendants filed a motion to dismiss the

amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 30, 2015.

(Doc. No. 17.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in

whole or in part, for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P.

12(b)(6).  Although Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain

statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556).  A court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).

As such, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, or they risk dismissal.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  To determine the sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

## III.   DISCUSSION

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983, which in pertinent part provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  In order to state a claim for relief pursuant to Section 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."  Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citations omitted).

### A.      Failure to Train

In Count I(A) of the amended complaint, Plaintiff alleges that Defendant City of York is liable under 42 U.S.C. § 1983 for injuries resulting from its failure to train and supervise Defendant Ebersole.  (See Doc. No. 12 ¶¶ 52-61.)  Specifically, Plaintiff contends that the City of York failed to properly train and supervise Defendant Ebersole with respect to persons of different racial or ethnic backgrounds.[1]  (See id. at ¶¶ 52-53, 55-59.)  Defendants move this Court to dismiss Plaintiff's claim.  (Doc. Nos. 17 ¶ 10; 18 at 24-26.)

Under "limited circumstances," an "allegation of a 'failure to train' can be the basis for [municipal] liability under § 1983."  City of Canton v. Harris, 489 U.S. 378, 387 (1989).  First, a plaintiff must establish that the supervising defendant's "failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  Id. at 388.  The standard of deliberate indifference requires proof that the municipal actor "disregarded a known or obvious consequence of his action."  Bryan Cnty. v. Brown, 520 U.S. 397, 410 (1997).  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to

---

[1] Plaintiff also alleges that Defendant City of York failed to train the involved officers with regards to drafting an affidavit of probable cause.  (See Doc. No. 12 ¶ 54.)

demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 131

S. Ct. 1350, 1360 (2011) (citing Bryan Cnty., 520 U.S. at 409).[2]  Second, separate from

deliberate indifference, the "identified deficiency in [the] training program" must also have "a

causal nexus with [the plaintiff's] injury."  Thomas v. Cumberland Cnty., 749 F.3d 217, 226 (3d

Cir. 2014) (internal citations omitted).  In analyzing causation, the focus must be on whether "the

injury [could] have been avoided had the employee been trained under a program that was not

deficient in the identified respect."  Id. (quoting Canton, 489 U.S. at 391).

Here, Plaintiff has not alleged sufficient facts to support a finding that the failure to train

constitutes deliberate indifference.  Plaintiff did not identify any examples of specific training

that Defendant City of York failed to provide or identify an adherence to an approach that

Defendant City of York knows or "should know has failed to prevent tortious conduct by

employees."[3]  Connick, 131 S. Ct. at 1359.  Plaintiff's allegation that Defendant City of York

"received prior complaints of racial profiling and of searches and arrests lacking probable cause

based on skin color, race or ethnicity," (Doc. No. 12 ¶ 58), is "threadbare" and does not establish

that any such "prior incidents were sufficiently similar" to put Defendant City of York on "notice

that specific training was needed to avoid the constitutional violations at issue."[4]  Jacobs v.

Palmer, No. 14-5797, 2015 WL 1033294, at *6 n.4 (E.D. Pa. Mar. 10, 2015) (citing Connick,

131 S. Ct. at 1360).  Accordingly, Plaintiff's assertion that Defendant City of York demonstrated

---

[2] A "continued adherence to an approach that [defendants] know or should know has failed to prevent tortious conduct by employees" may also constitute deliberate indifference. Connick, 131 S. Ct. at 1359 (quoting Bryan Cnty., 520 U.S. at 409).

[3] Regarding specific training, Plaintiff alleges only that Defendant City of York failed to train "police officer[s] in procedures concerning identifications, investigations, seizure, and matters of sensitivity when dealing with a person with racial and ethnic differences."  (Doc. No. 12 ¶ 52.)

[4] Plaintiff does not raise a "single-incident liability" argument discussed in the Supreme Court's Connick v. Thompson decision.  See Connick, 131 S. Ct. 1350, 1361 (2011).

deliberate indifference to the rights of racial and ethnic minorities is little more than a "naked assertion" or a "formulaic recitation of the elements of a cause of action."[5] Twombly, 550 U.S. at 555, 557; see Almodovar v. City of Philadelphia, 528 F. App'x 129, 132 (3d Cir. 2013).

Thus, Plaintiff's failure to train claim is insufficiently pleaded and does not raise the "right to relief above the speculative level." Twombly, 550 U.S. at 555. However, because Plaintiff may be able to add sufficient facts to state a claim, Count I(A) will be dismissed without prejudice.

### B.    Maintaining Policy or Custom

In Count I(B) of the amended complaint, Plaintiff asserts a municipal liability claim against Defendant City of York under 42 U.S.C. § 1983 for maintaining a policy, practice or custom that directly caused the constitutional harm at issue. (See Doc. No. 12 ¶¶ 62-69.) Plaintiff contends that Defendant City of York maintained a policy or custom of: (1) shielding officers from citizen complaints of racial profiling and selective prosecution; (2) using "skin color, race or interracial relationships as the primary reason to suspect that an individual has broken the law or to pursue prosecution;" and (3) acquiescing to prior incidents of racial profiling. (See Doc. No. 12 ¶¶ 63-65, 67-68.)

"A municipality will be liable for the constitutional violations of a state actor if it acts 'with deliberate indifference to the consequences [and] established and maintained a policy, practice or custom which directly caused constitutional harm.'" Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist., 272 F.3d 168, 175-76 (3d Cir. 2001) (quoting Stoneking v.

---

[5] Furthermore, Plaintiff has not sufficiently alleged a "causal nexus" between the failure to train and the injuries alleged in the complaint. Thomas, 749 F.3d at 226. Here, Plaintiff asserts that, "Plaintiff was denied his constitutional rights … as a direct and proximate cause of the aforesaid acts or failures to act, and the customs, policies, or usage." (Doc. No. 12 ¶ 60.) Such an averment of causation is no more than a "legal conclusion." Iqbal, 556 U.S. at 678.

Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)).  A "policy" exists when a

"decisionmaker possess[ing] final authority to establish a municipal policy with respect to the

action issues an official proclamation, policy, or edict."  Andrews v. City of Philadelphia, 895

F.2d 1469, 1480 (3d Cir. 1990) (alterations in original) (internal citations omitted).

Alternatively, a "custom" arises when, "though not authorized by law, 'such practices of state

officials [are] so permanent and well settled' as to virtually constitute law."  Id. (quoting Monell

v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691 (1978)).

 Here, Plaintiff has not alleged sufficient facts to support a finding that Defendant City of

York maintained a policy or custom that directly caused the constitutional harm at issue.

Gottlieb, 272 F.3d at 176; see Hall v. Weaver, No. 10-101, 2011 WL 1136838, at *2 (W.D. Pa.

Mar. 8, 2011).  Besides the factual allegations surrounding the October 16, 2010 altercation,

Plaintiff does not allege a single example of Defendant City of York's alleged policy or custom.

Hall, 2011 WL 1136838, at *2.  Furthermore, Plaintiff's allegation that Plaintiff was denied his

constitutional rights as a "direct and proximate cause" of Defendant City of York's policy or

custom, (Doc. No. 12 ¶ 69), is no more than a "naked assertion" or "legal conclusion," which the

Court need not credit when ruling on a motion to dismiss.  Iqbal, 556 U.S. at 678.  Accordingly,

Count I(B) will also be dismissed without prejudice.

 **C.** **Malicious Prosecution**

 In Count II of the amended complaint, Plaintiff brings a malicious prosecution claim

under 42 U.S.C. § 1983 against Defendant Ebersole.  (Doc. No. 12.)  Plaintiff contends that: (1)

Defendant Ebersole initiated the criminal proceeding; (2) the proceeding terminated in Plaintiff's

favor; (3) the proceeding was initiated without probable cause; and (4) Defendant "Ebersole

acted maliciously," in part, because of "Plaintiff's interracial relationship" with his girlfriend.

(See id. ¶¶ 30, 43, 46, 71.)  Defendants move this Court to dismiss Plaintiff's malicious prosecution claim because Defendant Ebersole had probable cause to arrest Plaintiff, did not initiate the prosecution, and is "entitled to qualified immunity."[6]  (See Doc. No. 17 ¶¶ 6-8.)  The Court turns to whether the amended complaint sufficiently alleges that Defendant Ebersole acted without probable cause in arresting Plaintiff for the offenses charged.

The common law tort of malicious prosecution is "actionable under 42 U.S.C. § 1983, because it undermines an individual's right to be free from unreasonable seizures under the Fourth Amendment."  Davis v. Malitzki, 451 F. App'x 228, 232 (3d Cir. 2011).  To prove malicious prosecution under § 1983, a "plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (quoting Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)).

"Initiation of the proceeding without probable cause is an essential element of a malicious prosecution claim."  Estate of Smith v. Marasco, 318 F.3d 497, 522 (3d Cir. 2003).  Probable cause to arrest exists "if there is a 'fair probability' that the person committed the crime at issue."  Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000).  As a general rule, when "a police

---

[6] "On review of a motion to dismiss for failure to state a claim," the Third Circuit has instructed district courts to "look only to the complaint to see whether there is any set of facts plaintiff can prove that would support a denial of immunity."  Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).  Therefore, out of an abundance of caution, the Court considers a decision as to qualified immunity premature at the 12(b)(6) in this case.  2-12 Moore's Federal Practice - Civil § 12.34 (2015) ("Defenses that require a factual review to be established [—] as ordinarily occurs with qualified immunity, for example [—] should not support a dismissal for failure to state a claim.").

officer has received a reliable identification by a victim of his or her attacker, the police have probable cause to arrest." <u>Sharrar v. Felsing</u>, 128 F.3d 810, 818 (3d Cir. 1997); <u>accord</u> <u>Wilson v. Russo</u>, 212 F.3d 781, 790-91 (3d Cir. 2000).  However, "[i]ndependent exculpatory evidence or substantial evidence of the witness's own unreliability that is known by the arresting officers could outweigh the identification such that probable cause would not exist." <u>Wilson</u>, 212 F.3d at 790.

Here, there is no dispute that the two neighbors and their friend identified Plaintiff as the aggressor.  (Doc. Nos. 12 ¶¶ 18-19; 12-2 at 2-4; 18 at 8.)  As alleged in the affidavit of probable cause, attached to Plaintiff's amended complaint, one neighbor stated that Plaintiff swung a machete at the two neighbors (Doc. No. 12-2 at 4), the neighbors and the friend cross-filed private criminal complaints of harassment against Plaintiff within days of the altercation (Doc. No. 12 at ¶¶ 16, 19), and one neighbor reported that Plaintiff struck her on the forearm with the machete (<u>Id.</u> ¶ 21; 12-2 at 4).  However, Plaintiff contends that probable cause did not exist because Defendant Ebersole "knew or should have known" that the two neighbors and their friend had reason to "fabricate complaints" after injuring Plaintiff, damaging the girlfriend's residence, and directing threats and racial slurs toward the girlfriend.  (<u>Id.</u> ¶¶ 12-15.)

Viewing the facts in the light most favorable to the Plaintiff, the amended complaint fails to sufficiently allege that Defendant Ebersole acted without probable cause in arresting Plaintiff for the offenses charged.  In fact, the record reflects that Defendant Ebersole had probable cause to believe Plaintiff committed the offenses charged based on Defendant Ebersole's perception of the facts and circumstances surrounding Plaintiff's conduct on the night of the altercation. <u>Kossler</u>, 564 F.3d at 194.  Plaintiff's exculpatory defense, contending that others had reason to "fabricate complaints," does not defeat the already-present probable cause. <u>Malitzki</u>, 451 F.

App'x at 234.  "Once a police officer has a reasonable basis for believing there is probable cause," the officer is not required to put "contradictory evidence into the affidavit" or to "eliminate every theoretically plausible claim of innocence before making an arrest."  Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997); Gramenos v. Jewel Companies, Inc., 797 F.2d 432, 440 (7th Cir. 1986); see also Miloslavsky v. AES Eng'g Soc., Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992) aff'd, 993 F.2d 1534 (2d Cir. 1993) ("The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed.").  Therefore, Count II will be dismissed without prejudice because the amended complaint does not sufficiently allege that Defendant Ebersole acted without probable cause.

### D.    Freedom of Association, Due Process, and Equal Protection Claims

In addition to the aforementioned Counts I(A), I(B), and II, Plaintiff also appears to seek to vindicate his rights to freedom of association, due process, and equal protection[7] in this Section 1983 suit.  (See Doc. No. 12 ¶¶ 1-2, 56, 61.)  However, in the amended complaint, Plaintiff fails to allege the elements of a freedom of association, due process, or equal protection claim, let alone set forth a sufficient factual matter to show that any of the three respective claims is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  Therefore, Plaintiff's freedom of association, due process, and equal protection claims will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## IV.    CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the amended complaint will be granted.  An order consistent with this memorandum follows.

---

[7] Specifically, Plaintiff appears to allege that Defendant Ebersole selectively prosecuted Plaintiff in violation of Plaintiff's constitutional right to equal protection.  (Doc. No. 12 ¶¶ 1, 37, 56.)